1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11              Respondent,                         No. 2:96-cr-0088 GEB DAD P

12        vs.

13   CALS IFENATUORA

14              Movant.                             <u>ORDER</u>

15   _____/

16              Movant is a federal detainee in the custody of Immigrations and Customs

17   Enforcement at the Irwin County Detention Center in Ocilla, Georgia.  On February 13, 2012, the

18   court ordered the U.S. Marshal to transport movant from Georgia to Sacramento, California, so

19   he could testify at the evidentiary hearing on his motion for writ of coram nobis, held in this

20   court on April 23 and 25, 2012.  Movant alleges that upon his return to the detention facility in

21   Georgia following his evidentiary hearing, he no longer had access to the funds in his prison trust

22   account, access that he had up until that time enjoyed.  He has filed a motion for "return" of those

23   funds.  (Docket No. 160.)  Although movant is represented by counsel on his petition for writ of

24   error coram nobis, he appears to have filed the motion for return of funds on his own behalf.

25              Assuming movant is still without access to money that is rightfully his, the

26   remedy, if any, is not cognizable in this case.  Generally speaking, a claim that focuses on the

1

1   conditions of an inmate's confinement is separate and distinct from a claim that focuses on the

2   legality or duration of his confinement. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).

3   The instant motion seeking an order that he be provided access to the funds in his trust account

4   does not concern movant's conviction in this court.  Therefore, it is not a proper object of his writ

5   for error coram nobis or any other method of relief that would sound in a criminal case.  If

6   movant has a right of action to gain access to his trust account, it is an independent civil claim

7   that has no relationship to his criminal conviction challenged in this proceeding.  Furthermore,

8   because movant's claim concerning his personal property appears to lie in Georgia, venue for it is

9   not proper in this district in any event. See 28 U.S.C. § 1391(e).

10              For all of these reasons, IT IS HEREBY ORDERED that the motion for the return

11  of funds (Docket No. 160) is denied without prejudice.[1]

12  DATED: March 20, 2013.

13

14  _____
        DALE A. DROZD
15      UNITED STATES MAGISTRATE JUDGE

16  hm
    ifen0088.order(3)

17

18

19

20

21

22

23

24

25
        _____

26          [1]  The court makes no finding on the merit, jurisdictional or otherwise, of movant's claim
        that he has been denied access to his trust account.